**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

Lesly Pierre, Kassan Doucore, Aboubacar Doumbia, and Ali Touré, on behalf of themselves and all others similarly situated who were employed by Auto Laundry Car Wash Corporation, and the individual defendants,

**Civil Action**

                              Plaintiffs,

**Complaint**

Song Rye Lyu, Nam Lyu, and Auto Laundry Car Wash Corporation,

**Case No.: 22-cv-120**

                              Defendants.

------------------------------------------------------------------------X

## COLLECTIVE AND CLASS ACTION

        Lesly Pierre ("Pierre"), Aboubacar Doumbia ("Doumbia"), and Kassan Doucore ("Doucore"), and Ali Touré ("Touré"), (collectively, the "Named Plaintiffs"), individually and on behalf of the putative collective and class (collectively, "Plaintiffs"), by and through their attorneys, Arenson, Dittmar, and Karban, and as for their Complaint against Defendants Song Rye Lyu ("Song"), Nam Lyu ("Nam"), (collectively, "Individual Defendants") and Auto Laundry Car Wash Corporation (the "Corporate Defendant" or "Auto Laundry") (collectively, "Defendants"), upon personal knowledge as to themselves and upon information and belief, allege as follows:

## NATURE OF THE ACTION

1.      This action arises out of Defendants' failure to pay Plaintiffs the minimum wage, overtime compensation, spread-of-hours pay, money for "off-the-clock" work, Defendants' unlawful taking of a tip credit, and Defendants' failure to provide the requisite notice and pay-related information, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., ("FLSA") the New York Labor Law, and New York's Wage

1

Theft Protection Act ("WTPA"), N.Y. LAB. LAW § 190, *et seq*., § 650, *et seq*. ("NYLL"); 12 N.Y.C.R.R. 142, *et* seq. ("NYCRR"), *inter alia*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3.    This Court is empowered to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

4.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## PARTIES

5.    Plaintiffs are individuals residing in the State of New York who were car wash workers and employees of Defendants.

6.    Upon information and belief, Defendants are in the car wash business and operate in the State of New York.

7.    Defendant Auto Laundry is a business incorporated in the State of New York, with its principal place of business at 1119 Atlantic Avenue, Brooklyn, New York 11216.

8.    Upon information and belief, at all relevant times, Auto Laundry has had gross sales or business in excess of $500,000 annually.

9.    Upon information and belief, Auto Laundry is engaged in interstate commerce.

10.   Upon information and belief, Defendant Song is a resident of the State of New York and at all relevant times has been the Chief Executive Officer of Auto Laundry, a closely held corporation, as defined by the Business Corporations Law.

11.   Upon information and belief, Defendant Nam is a resident of the State of New York and at all relevant times has been the Manager and/or Principal of Auto Laundry, a closely held corporation, as defined by the Business Corporations Law.

12.   Song and Nam have made the decisions for Auto Laundry, including decisions regarding hiring, firing, payment of wages, assignment of work, contractual matters, and all other administrative and company policy matters, either directly or through agents.  Song and Nam have actively managed, supervised, directed, and continue to actively manage, supervise, and direct, the business and operations of Auto Laundry, either directly or through agents.

13.   Nam and Song are husband and wife.

14.   By way of example only, Nam often instructed Plaintiffs about how to properly clean cars and the pace at which they should clean cars.  Nam criticized Plaintiffs when he felt that the cars were not being cleaned properly or quickly enough.

15.   By way of example only, Song would typically come to the car wash every Wednesday, and sometimes on Saturdays and Sundays.  Song would manage the operations inside the car wash.  She would also collect money from customers, permitting Nam to oversee the car wash workers outside more closely.  When working inside the car wash, she would handle charging customers for the work done on their vehicles and calculating how much the customers owed for the work performed.  Approximately twice a month, when

3

customers would voice complaints about the way car wash work was being performed, Song would yell at Nam in Korean.  On those occasions, Nam would then direct a worker to address the customer's complaint.

16. Song and Nam have maintained records of Plaintiffs' employment and pay and have supervised and controlled Plaintiffs' work schedules.

17. By way of further example only, Nam provided the Named Plaintiffs their work schedules and approved or denied changes to Plaintiffs' work schedules.

18. Song and Nam have the power to hire, fire, and determine the pay rate for Plaintiffs.

19. By way of example, Nam fired Named Plaintiffs Lesly Pierre, Aboubacar Doumbia, and Ali Toure.

20. Song and Nam made day-to-day operation decisions and personnel decisions for Auto Laundry.

21. Song and Nam acted directly or indirectly in the interest of Defendants Auto Laundry.

22. Song and Nam actively participated in the unlawful method of payment for Plaintiffs described herein.

23. Song and Nam have exercised complete dominion and control over Defendant Auto Laundry.

## **COLLECTIVE ALLEGATIONS**

24.     Named Plaintiffs bring the FLSA claims in this action against Defendants as a collective

action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all other

similarly situated current and former non-exempt employees who have worked and/or

continue to work for Defendants at any time during the three years prior to the filing of

this action through the entry of judgment in this action (the "FLSA Collective").

25.     At all relevant times, the Named Plaintiffs and the FLSA Collective have been similarly

situated, have had substantially similar job requirements, have been governed by similar

pay practices, and have been subjected to Defendants' decisions, policies, plans,

programs, practices, procedures, protocols, routines, and rules, all culminating in

Defendants' willful failure and refusal to pay Plaintiffs, among other things, overtime

compensation and Defendants' unlawful taking of a tip credit.

26.     Defendants failed to provide Plaintiffs with notice for the past three years that they were

taking a tip credit allowance, and as such failed to comply with the strictly construed

notice provisions of the FLSA set forth in 29 U.S.C. § 203(m).

27.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate

Named Plaintiffs and the FLSA Collective, and as such, notice should be sent to the

FLSA Collective pursuant to 29 U.S.C. § 216(b).

28.     The FLSA Collective consists of numerous similarly situated current and former

employees of Defendants who were subject to the conduct complained of herein and who

would benefit from the issuance of a court-supervised notice of the present lawsuit and

the opportunity to join the action.  Those similarly situated employees are known to

Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

29.   This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

30.   Named Plaintiffs bring this action on behalf of themselves and a class consisting of all similarly situated persons who perform, or have performed, work for Defendants, washing, cleaning, detailing, and drying cars, trucks, and other vehicles, and performing other non-managerial car wash-related work, between May 24, 2015 and the present. (the "Putative Class").

31.   The Putative Class is so numerous that joinder of all members is impracticable.

32.   The precise size of the Putative Class is unknown to Plaintiffs.  Presently, the facts on which the calculation of that number can be based are within the sole control of Defendants.  In addition, the names of all potential members of the Putative Class are not known to Plaintiffs.

33.   Upon information and belief, the size of the Putative Class is in excess of 40 individuals.

34.   The questions of law and fact common to the Putative Class predominate over any questions affecting only individual members.  Such questions include:

   a.   Whether Defendants failed to pay Plaintiffs the minimum wage for a large employer;
   b.   Whether Defendants failed to pay Plaintiffs overtime compensation;
   c.   Whether Defendants improperly took a tip credit allowance in violation of the NYLL;;
   d.   Whether Defendants failed to provide Plaintiffs the documentation required by the Wage Theft Prevention Act;
   e.   Whether the Defendants should be enjoined from engaging in such practices in the future.

35.   The claims of the Named Plaintiffs are typical of the claims of the Putative Class.

36.   The Named Plaintiffs and their counsel will fairly and adequately protect the interests of the Putative Class.

37.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

38.   Any Plaintiffs whose claims under the New York Labor Law expired between March 20, 2020, up to and including November 3, 2020, receive the benefit of the tolling of the time limit to commence, file, or serve any legal action, notice, motion, or other process or proceeding, pursuant to Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) and the nine subsequent executive orders that extended the toll, Executive Order (A. Cuomo) Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72 [9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72]), which were in effect at the time of the aforementioned expiration.

### STATEMENT OF FACTS
**Facts Common to All Plaintiffs**

39.   Upon information and belief, since at least approximately May 24, 2015, Defendants have employed numerous individuals as car washers, cleaners, driers, detailers, and in other non-managerial capacities related to the car-wash business that "customarily and regularly receive tips," as that term is defined under 29 U.S.C. §§ 203(m)(2)(A) and 203(t), and the regulations and case law interpreting the same.

40.   At all relevant times, Defendants employed at least 15-16 employees, and thus Defendants were "large employer[s]," as defined in NYLL § 652(1)(a)(i), which sets forth the minimum wage to be furnished to each employee by "every employer of eleven or more employees." *Id*.

41.    At all relevant times, Defendants failed to pay Plaintiffs the minimum wage for large employers in New York.  In 2015, the minimum wage for large employers was $8.75 per hour.  In 2016, the minimum wage for large employers was $9.00 per hour.  In 2017, the minimum wage for large employers was $11.00 per hour.  In 2018, the minimum wage for large employers was $13 per hour.  From 2019 to the present, the minimum wage for large employers has been $15.00 per hour.  *See*, NYLL §§ 651(1) and (1)(a)(i).

42.    Due to the fact that Defendants did not properly take a tip credit and did not pay Plaintiffs the proper minimum wage for a large employer, Defendants consistently failed to pay Plaintiffs the proper overtime rate calculated at one-and-one-half times their regular rate of pay.

43.    At all relevant times herein, Defendants failed to comply with the NYLL and FLSA tip credit provisions.

44.    From approximately January 7, 2019 to the beginning of 2021, Defendants failed to comply with the notice provisions of the FLSA by failing to inform Plaintiffs verbally or in writing that they were applying tips toward their minimum wage payment.

45.    From approximately May 24, 2015 through approximately the beginning of 2021, Defendants failed to comply with the tip credit provisions of the NYLL, by failing to "record on a weekly basis" the allowance "claimed by the employer as a separate item on the wage record."  12 NYCRR § 142-2.5(b)(iii).

46.    Furthermore, from approximately May 24, 2015 through approximately 2019, Defendants cannot provide "substantial evidence" that the "employee received in tips at least the amount of the allowance claimed."  12 NYCRR § 142-2.5(b)(ii).

47. Defendants failed to furnish Plaintiffs with a "statement with every payment of wages, listing . . . allowances . . . claimed as part of the minimum wage," further evidencing Defendants' improper taking of a tip credit in violation of 12 NYCRR § 142-3.8

48. Defendants also failed to maintain and preserve "weekly payroll records" which "show for each employee," "allowances, if any, claimed as part of the minimum wage," further evidencing Defendants' improper taking of a tip credit in violation of 12 NYCRR § 142-2.6.

49. Upon information and belief, at all relevant times, Defendants acted as Plaintiffs' employers, within the meaning contemplated pursuant to 29 U.S.C. § 203(d) and N.Y. Lab. Law § 651(6).

50. Upon information and belief, at all relevant times, Plaintiffs have been employees of Defendants, within the meaning contemplated pursuant to 29 U.S.C. § 203(e) and N.Y. Lab. Law § 651(5).

51. Upon information and belief, at all relevant times, the activities of Defendant Auto Laundry have constituted an "enterprise" within the meaning of Sections 3(r) and 3(s) of the FLSA, 29 U.S.C.§§ 203(r), (s).

52. Upon information and belief, Defendant Auto Laundry is an "enterprise engaged in commerce" within the meaning contemplated pursuant to 29 U.S.C. § 201 *et seq*. and the cases interpreting it.

53. Upon information and belief, Defendants' payments to Plaintiffs constitute "wages," as that term is defined under 29 U.S.C. § 203(m) and New York Labor Law § 651.

54.   Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain proper and complete timesheets or payroll records.

55.   As part of their regular business practices, Defendants intentionally, willfully, and repeatedly have engaged in a policy, pattern, and/or practice of violating the FLSA and NYLL.  This policy, pattern, and/or practice has included but is not limited to:

   a.   failing to provide required notice of the tip credit provisions of the FLSA;
   b.   failing to record the allowance claimed as a tip credit on a weekly basis as a separate item in the wage record, and failing to provide Plaintiffs with a statement recording the allowances being taken as a tip credit, in further violation of the tip credit provisions of the NYLL;
   c.   failing to pay Plaintiffs the minimum wage for each hour worked;
   d.   failing to pay Plaintiffs the proper overtime compensation at the rate of one-and-one-half times the regular rate for work in excess of forty (40) hours per workweek;
   e.   failing to pay Plaintiffs spread-of-hours pay;
   f.   failing to provide Plaintiffs the documentation required by the Wage Theft Prevention Act.

**Lesly Pierre**

56.   Defendants employed Lesly Pierre from approximately July 2019, through approximately October 2019.

57.   From approximately July 2019 through approximately July 28, 2019, Pierre typically worked 6 days a week, from approximately 8 AM through approximately 5 PM, with a thirty-minute break for lunch.

58.   For approximately three days from July 2019 through approximately July 28, 2019, Pierre worked from 8 AM through approximately 7 PM, with a thirty-minute break for lunch.

59. From approximately August 2019, through approximately October 2019, Lesly Pierre worked from approximately 8 AM through approximately 5 PM, with a thirty-minute break for lunch, 4 and 5 days a week.

60. For approximately four days from August 2019 through approximately October 2019, Pierre worked from 8 AM through approximately 7 PM, with a thirty-minute break for lunch.

61. Throughout the time that Lesly Pierre worked for one or more Defendants, from approximately July 2019 through approximately October 2019, Defendants paid Pierre $12.50 per hour in cash.  The relevant minimum wage for a large employer in 2019 was $15.00 per hour.

62. Plaintiff Pierre received on average approximately $11 in tips per day.

63. Throughout his employment, Defendants failed to pay Pierre the minimum wage for a large employer in violation of the NYLL and the cases interpreting same.

64. Throughout his employment, Defendants failed to pay Pierre the proper overtime compensation at the rate of one-and-one-half times the regular rate for work in excess of forty (40) hours per workweek.

65. Throughout his employment, Defendants failed to provide Pierre with notice of the tip credit allowance Defendants were claiming, in violation of the FLSA.

66. Throughout his employment, and upon information and belief, Defendants failed to record the tip credit allowance on a weekly basis as a separate item in the wage record, in violation of the NYLL.

67. Throughout his employment, when Pierre worked over 10 hours a day, Defendants failed to pay Lesly Pierre the proper spread-of-hours compensation.

11

68.   Throughout his employment, Defendants failed to provide Lesly Pierre with the documentation required under the Wage Theft Prevention Act.

69.   Defendants failed to provide Lesly Pierre with a notice of pay rate and basis thereof, at the time of hiring, as required by NYLL § 195(1).

70.   Defendants failed to provide Lesly Pierre with statements of wages with every payment of wages, as required by NYLL § 195(3).

**Aboubacar Doumbia**

71.   Defendants employed Doumbia from approximately July 2019, through approximately November 2019.

72.   From approximately July 2019 through approximately November 2019, Doumbia typically worked 11 hours a day, from approximately 8 AM through approximately 7 PM, for 6 days a week, with a thirty-minute break for lunch.  However, Doumbia also worked for approximately 15 minutes "off-the-clock" from 7:45 AM to 8 AM each day, for which Defendants did not compensate Doumbia.

73.   Throughout the time that Doumbia worked for Defendants, Defendants paid Doumbia $13 per hour in cash.

74.   Plaintiff Doumbia received on average approximately $11 in tips per day.

75.   Throughout his employment, Defendants failed to pay Doumbia the minimum wage for a large employer in violation of the NYLL and the cases interpreting same.

76.   Throughout his employment, Defendants paid Doumbia $13 per hour in cash.  The relevant minimum wage in 2019 was $15.00 per hour.

77.   Throughout his employment, Defendants failed to pay Doumbia the proper overtime compensation at the rate of one-and-one-half times the regular rate for work in excess of forty (40) hours per workweek.

78.   Throughout his employment, Defendants failed to provide Doumbia with notice of the tip credit allowance Defendants were claiming, in violation of the FLSA.

79.   Throughout his employment, and upon information and belief, Defendants failed to record the tip credit allowance on a weekly basis as a separate item in the wage record, in violation of the NYLL.

80.   Throughout his employment, when Doumbia worked over 10 hours a day, Defendants failed to pay Doumbia the proper spread-of-hours compensation.

81.   Throughout his employment, Defendants failed to provide Doumbia with the documentation required under the Wage Theft Prevention Act.

82.   Defendants failed to provide Doumbia with a notice of pay rate and basis thereof, at the time of hiring, as required by NYLL § 195(1).

83.   Defendants failed to provide Doumbia with statements of wages with every payment of wages, as required by NYLL § 195(3).

84.   Throughout Doumbia's employment, Defendants did not pay Doumbia for his "off-the-clock work," when he worked from approximately 7:45 AM until 8 AM in violation of NYLL § 193(5).

**Kassan Doucore**

85.    Defendants have employed Doucore since approximately May 2020 through the present.

86.    From approximately May 2020, through approximately April 2021, Doucore worked from approximately 8 AM through approximately 6 PM, with a thirty-minute break for lunch, for 5 days a week.

87.    From approximately May 2020, through approximately April 2021, Doucoure worked approximately 30 minutes "off-the-clock" each day from approximately 7:30 AM through approximately 8 AM.

88.    From approximately May 2021, through the present, Doucore has worked approximately 10 hours a day, from approximately 8 AM through approximately 6 PM, with a thirty-minute break for lunch, for 5 days a week.

89.    Plaintiff Doucoure received on average approximately $11 in tips per day.

90.    Defendants failed to pay Doucore the minimum wage for a large employer in violation of the NYLL, and the cases interpreting same.  From May 2020 through approximately July 5, 2020, Defendants paid Doucore $13.75 per hour.  From approximately July 12, 2020 through approximately December 2020, Defendants paid Doucoure approximately $14.25 per hour.  The relevant minimum wage for a large employer during that time was $15 per hour.

91.    Throughout his employment, Defendants failed to pay Doucore the proper overtime compensation at the rate of one-and-one-half times the regular rate of work in excess of forty (40) hours per workweek.

92.    Throughout his employment, Defendants failed to provide Doucore with notice of the tip credit allowance Defendants were claiming, in violation of the FLSA.

93.    Throughout his employment, and upon information and belief, Defendants failed to record the tip credit allowance on a weekly basis as a separate item in the wage record, in violation of the NYLL.

94.    Throughout his employment, when Doucore worked over 10 hours a day, Defendants failed to pay Doucore the proper spread-of-hours compensation.

95.    Throughout his employment, Defendants failed to provide Doucore with the documentation required under the Wage Theft Prevention Act.

96.    Defendants failed to provide Doucore with a notice of pay rate and basis thereof, at the time of hiring, as required by NYLL § 195(1).

97.    Defendants failed to provide Doucore with statements of wages with every payment of wages, as required by NYLL § 195(3).

98.    Defendants did not pay Doucore for his "off-the-clock" work.

99.    When Doucore would work from 7:30 to 8 AM without pay, sometimes Doucore would object by telling Nam that he did not want to "work for free."

100.   One day, Doucore arrived approximately 5 minutes late for work, around 8:05 AM. Nam deducted a half hour from his pay for the hours worked from 8 a.m. to 6 p.m., citing that Doucore had not been present from 7:30 AM to 8 AM. Doucore objected, explaining to Nam that Nam had never compensated him for working from 7:30 to 8 AM, and as such that half hour of work should not be deducted from his pay. After that interaction, and by way of further objection, in approximately April 2021, Doucore started arriving to work at 8 AM and stopped working off-the-clock.

**Ali Toure**

101.    Defendants employed Toure from approximately November 2018 through approximately April 2021.

102.    From approximately November 2018 through approximately October 2019, Toure typically worked 6 days a week, from 8 AM through approximately 6 PM, with a half hour meal break.

103.    From approximately November 2019 through approximately April 2021, Toure typically worked 5 days a week from approximately 8 AM through approximately 6 PM, with a half hour lunch break.

104.    In 2018 and 2019, Defendants paid Toure $12.25 per hour.

105.    In 2020, Defendants paid Toure approximately $13.25 per hour.

106.    Plaintiff Toure received on average approximately $11 in tips per day.

107.    Throughout his employment, Defendants failed to pay Toure the minimum wage for a large employer in violation of the NYLL and the cases interpreting same.  The relevant minimum wage in 2018 was $13 an hour.  The relevant minimum wage in 2019 and 2020 was $15.00 per hour.

108.    Throughout his employment, Defendants failed to pay Toure the proper overtime compensation at the rate of one-and-one-half times the regular rate for work in excess of forty (40) hours per workweek.

109.    Throughout his employment, Defendants failed to provide Toure with notice of the tip credit allowance Defendants were claiming, in violation of the FLSA.

110. Throughout his employment, and upon information and belief, Defendants failed to record the tip credit allowance on a weekly basis as a separate item in the wage record, in violation of the NYLL.

111. Throughout his employment, when Toure worked over 10 hours a day, Defendants failed to pay Doumbia the proper spread-of-hours compensation.

112. Throughout his employment, Defendants failed to provide Toure with the documentation required under the Wage Theft Prevention Act.

113. Defendants failed to provide Toure with a notice of pay rate and basis thereof, at the time of hiring, as required by NYLL § 195(1).

114. Defendants failed to provide Toure with statements of wages with every payment of wages, as required by NYLL § 195(3).

## FIRST CAUSE OF ACTION
### NEW YORK LABOR LAW -- UNPAID MINIMUM WAGE

115. Plaintiffs repeat, re-allege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

116. The minimum wage provisions set forth in the NYLL and its supporting regulations apply to Defendants and Plaintiffs.

117. Defendants illegally claimed a tip credit against the minimum wage for its tipped employees, when such a credit was not legally permissible.

118. Defendants cannot avail themselves of the tip credit, as Defendants failed to "record on a weekly basis" the allowance "claimed by the employer as a separate item on the wage record." Defendants cannot provide "substantial evidence" that the "employee received in tips at least the amount of the allowance claimed." 12 NYCRR § 142-2.5(b)(ii).

119.    Defendants failed to maintain proper employment records as required by N.Y. COMP.
CODES R. & REGS. tit. 12, §142-2.6 and the New York Labor Law, N.Y. LAB. LAW
§§ 195(4) and 661.

120.    Defendants also failed to furnish Plaintiffs with a "statement with every payment of
wages, listing . . . allowances . . . claimed as part of the minimum wage," further
evidencing Defendants' improper taking of a tip credit in violation of 12 NYCRR § 142-
3.8

121.    Upon information and belief, Defendants further failed to maintain and preserve "weekly
payroll records" which "show for each employee," "allowances, if any, claimed as part of
the minimum wage," in violation of 12 NYCRR § 142-2.6 and further evidencing their
improper taking of a tip credit.

122.    At all relevant times, Defendants employed at least 15-16 employees, and thus
Defendants were at all relevant times "large employer[s]," as defined in NYLL §
652(1)(a)(i), which sets forth the minimum wage to be furnished to each employee by
"every employer of eleven or more employees." *Id*.

123.    At all relevant times, Defendants failed to pay Plaintiffs the minimum wage for large
employers in New York.  In 2015, the minimum wage for large employers was $8.75 per
hour.  In 2016, the minimum wage for large employers was $9 per hour.  In 2017, the
minimum wage for large employers was $11.00 per hour.  In 2018, the minimum wage
for large employers was $13 per hour.  From 2019 to the present, the minimum wage for
large employers has been $15.00 per hour.  *See*, NYLL §§ 651(1) and (1)(a)(i).

124.    Defendants were required to pay Plaintiffs at a rate not less than the minimum wage rate
for large employers under the NYLL.

18

125.    By virtue of Defendants' failure to pay Plaintiffs the minimum wage for all hours worked, Defendants have willfully violated NYLL Article 19, §§ 650, *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. 142-2.1.

126.    As a result of Defendants' unlawful acts, Plaintiffs have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, N.Y. LAB. LAW § 650, *et seq*.

127.    As employers, the Individual Defendants are personally liable for the violations of the NYLL.

## SECOND CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

128.    Plaintiffs repeat, re-allege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

129.    Named Plaintiffs have consented to be parties to this action pursuant to 29 U.S.C. § 216(b).

130.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this complaint.

131.    Plaintiffs worked more than forty (40) hours a week while working for Defendants.

132.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiffs.

133.    Defendants illegally claimed a tip credit against the minimum wage for its tipped employees, when such a credit was not legally permissible.

19

134. Defendants cannot avail themselves of the tip credit as Defendants failed to provide notice verbally or in writing of their applying the tip credit allowance toward the minimum wage payment in violation of the strictly construed notice provisions of 29 U.S.C. §§ 203(m)(2)(A) and 203(t), and the regulations and case law interpreting the same.

135. Defendants failed to maintain proper employment records as required by the FLSA and 29 C.F.R. 516.

136. Defendants willfully, knowingly, and repeatedly refused to pay Plaintiffs their overtime compensation at the statutory rate of time-and-a-half for all hours worked in excess of forty hours per workweek, as required by the FLSA.

137. The overtime owed to Plaintiffs, as defined in 29 CFR § 531.60 is calculated at a rate that includes "the amount of tip credit taken by the employer per hour," and is determined "by dividing the employee's total remuneration for employment . . . in any workweek by the total number of hours actually worked by the employee in that workweek for which such compensation was paid." *Id*. Here, Plaintiffs are owed overtime pay calculated based on the large employer minimum wage that is owed to Plaintiffs.

138. Because of Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

139. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

140.    As employers, the Individual Defendants are personally liable for the violations of the FLSA.

**THIRD CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**

141.    Plaintiffs repeat, re-allege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

142.    The overtime provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and Plaintiffs.

143.    Defendants failed to maintain proper employment records as required by N.Y. COMP. CODESR. & REGS. tit. 12, §142-2.6 and the New York Labor Law, N.Y. LAB. LAW §§ 195(4) and 661.

144.    The regulations accompanying the New York Labor Law, N.Y. COMP.CODES R. & REGS. titl. 12, § 142-2.2, require an employer to pay an employee overtime "at a wage rate of one and one-half times the employee's regular rate."

145.    The New York Labor Law, N.Y. LAB. LAW § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

146.    Pursuant to 12 NYCRR § 142-2.2 "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of sections 7 and 13 of 29 USC 201 et seq., the Fair Labor Standards Act of 1938, as amended, provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply."

147.    Here, Plaintiffs are owed overtime pay calculated based on the large employer minimum wage that is owed to Plaintiffs.

148.    Plaintiffs worked more than forty (40) hours a week while working for Defendants.

149.    Defendants failed to pay Plaintiffs their overtime compensation at a rate of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) each week, as required by the NYLL.

150.    Defendants illegally claimed a tip credit against the minimum wage for its tipped employees, when such a credit was not legally permissible.

151.    Defendants cannot avail themselves of the tip credit, as Defendants failed to "record on a weekly basis" the allowance "claimed by the employer as a separate item on the wage record." Defendants cannot provide "substantial evidence" that the "employee received in tips at least the amount of the allowance claimed." 12 NYCRR § 142-2.5(b)(ii).

152.    Consequently, by failing to pay to Named Plaintiffs and other members of the New York Class the overtime compensation for work the performed after the first forty (40) hours worked in a week, Defendants violated the New York Labor Law, N.Y. LAB. LAW § 663 and 12 NYCRR § 142-2.2.

153.    Defendants' failure to pay the required overtime wages, as set forth above was willful within the meaning of §§ 198 and 663 of the New York Labor Law.

154.    As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, N.Y. LAB. LAW § 650 *et seq*.

155.    As employers, the Individual Defendants are personally liable for the violations of the NYLL.

### FOURTH CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID WAGES FOR OFF-THE-CLOCK WORK

156.    Plaintiffs repeat, re-allege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

157.    Defendants failed to maintain proper employment records as required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6 and the New York Labor Law, N.Y. LAB. LAW §§ 195(4) and 661.

158.    Defendants were required to pay Plaintiffs wages for all hours worked, pursuant to the causes of action enumerated herein.

159.    Defendants failed to provide straight time wages to those Plaintiffs who worked "off- the-clock," cleaning and preparing the car wash for work each day before their scheduled shifts started, for those weeks where Plaintiffs worked less than 40 hours, and failed to compensate Plaintiffs at a rate calculated by multiplying their regular rate times 1.5 for those weeks where Plaintiffs worked over 40 hours per week.  This work was "required by the employer" and "pursued necessarily and primarily for the benefit of" Defendants, and as such it constituted "work."

160.    By virtue of Defendants' failure to pay Plaintiffs proper wages for all hours worked, Defendants have willfully violated NYLL Article 19, §§ 650, et seq., the NYLL § 193(5), and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. 142-2.1.

161.    As a result of the unlawful acts of the Defendants, Plaintiffs have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, NYLL § 198, 650 et seq.

162.   As employers, the Individual Defendants are personally liable for the violations of the NYLL.

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW SPREAD-OF-HOURS PAY

163.   Plaintiffs repeat, re-allege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

164.   Pursuant to 12 NYCRR § 142-2.4, Defendants were required to pay Plaintiffs an extra hour of pay for any split-shift or day in which the employee's "spread of hours" exceeded 10 hours.  The relevant spread is the time between the beginning and the end of employee's workday, including all working time, time off for meals, and time off duty, as defined by 12 NYCRR § 142-2.18.

165.   Plaintiffs worked shifts with a spread-of-hours in excess of 10 hours per day but were never paid an extra hour of pay on each day on which they worked over 10 hours.

166.   Defendants' failure to pay the required wages as set forth above was willful within the meaning of Sections 198 and 663 of the New York Labor Law.

167.   Defendants failed to maintain proper employment records as required by N.Y. COMP. CODES R. & REGS. tit. 12, §142-2.6 and the New York Labor Law, N.Y. LAB. LAW §§ 195(4) and 661.

168.   Plaintiffs are entitled to the unpaid wages required by New York Labor Law § 193(5).

169.   As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated

damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, N.Y. LAB. LAW § 650 *et seq*.

170. As employers, the Individual Defendants are personally liable for the violations of the NYLL.

### SIXTH CAUSE OF ACTION
### NEW YORK LABOR LAW –WAGE THEFT PREVENTION ACT VIOLATION

171. Plaintiffs repeat, re-allege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

172. Upon information and belief, Defendants failed to furnish Plaintiffs with the wage notice(s) required by NYLL § 195 (1).

173. Upon information and belief, Defendants failed to furnish Plaintiffs with the wage statement(s) required by NYLL § 195 (3).

174. Upon information and belief, Defendants' failure to furnish Plaintiffs with the notices and statements pursuant to NYLL § 195 (1) and (3) was willful and intentional.

175. NYLL § 195 (1) requires that employers furnish employees at the time of hire a notice containing, among other things, the rate, or rates of pay and the basis thereof; the regular pay day designated by the employer, the name of the employer; any "doing business as" names used by the employer; the address of the employer's main office or principal place of business and the telephone number of the employer.

176. NYLL § 195(3) requires that employers furnish each employee with a statement with every payment listing gross wages, deductions, and net wages, and upon request of an employee, an explanation of the computation of wages.

177.    NYLL § 195(4) requires, among other things, that employers establish and maintain, for at least six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee.

178.    NYLL § 661 requires that Defendants maintain, *inter alia*, true, and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

179.    12 N.Y.C.R.R. § 142-2.6 requires Defendants to establish, maintain and preserve, for six (6) years, weekly pay roll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

180.    N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

181.    Defendants failed to provide Plaintiffs with any of the requisite notices and statements described above in the foregoing paragraphs.  As a result of Defendants' failure to furnish the wage notices pursuant to NYLL 195(1), Plaintiffs are each entitled to statutory penalties up to a maximum of $5,000, as well as attorneys' fees and costs, pursuant to NYLL § 198(1)(b).

182.    As a result of Defendants' failure to furnish the wage statements pursuant to NYLL 195 (3), Plaintiffs are each entitled to statutory penalties up to a maximum of $5,000, as well as attorneys' fees and costs, pursuant to NYLL § 198(1)(d).

183.    As employers, the Individual Defendants are personally liable for the violations of the NYLL.

26

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs, on behalf of themselves and all other members of the FLSA

Collective and Putative Class, respectfully request that this Court grant the following relief:

(1) That, at the earliest possible time, Named Plaintiffs be allowed to give notice
of this collective action, or that the Court issue such notice, to all persons who
are presently, or have been at any time during the three years immediately
preceding the filing of this suit, up through and including the date of this
Court's issuance of court-supervised notice, employed by Defendants as non-
exempt employees. Such notice shall inform them that this civil action has
been filed, of the nature of the action, and of their right to join this lawsuit if
they believe they were denied proper minimum hourly compensation and
overtime compensation, *inter alia*;

(2) Certification of this action as a class action pursuant to FRCP Rule 23 on
behalf of the members of the Putative Class and appointing the Named
Plaintiffs and their counsel to represent the Putative Class;

(3) Designation of Named Plaintiffs as representatives of the Putative Class, and
counsel of record as Class Counsel;

(4) A declaratory judgment that the practices complained of herein are unlawful
under the FLSA and NYLL;

(5) Appropriate equitable and injunctive relief to remedy Defendant's violations
of the FLSA and NYLL;

(6) An award of monetary damages to be determined at a trial for unpaid wages,
unpaid overtime compensation, minimum wage violations, spread-of-hours

27

compensation, "off-the-clock," penalties, liquidated damages, and all other

monies owed to Plaintiffs;

(7) An award of prejudgment and post judgment interest;

(8) An award of attorneys' fees and costs of this action;

(9) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
　　　January 7, 2022

　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　**ARENSON, DITTMAR & KARBAN**


　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　By: Steven Arenson
　　　　　　　　　　　　　　　200 Park Avenue, Suite 1700
　　　　　　　　　　　　　　　New York, New York 10166
　　　　　　　　　　　　　　　Tel: (212) 490-3600
　　　　　　　　　　　　　　　Fax: (212) 682-0278
　　　　　　　　　　　　　　　steve@adklawfirm.com
　　　　　　　　　　　　　　　_Attorneys for Plaintiffs_

28